UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| VICTOR PENA, ) | |
| ) | |
|    Petitioner, ) | Civil Action No. 6: 20-52-WOB |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
|    Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Victor Pena has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he contends that the enhancement of his federal sentence was improper in light of *Begay v. United States*, 553 U.S. 137 (2008). [R. 1, 7][1] The Court must conduct an initial review of the petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In 1999 Pena was convicted of racketeering and racketeering conspiracy in violation of 18 U.S.C. §§ 1962(c), (d), and was sentenced to life imprisonment. The Fifth Circuit Court of Appeals affirmed on direct appeal. *United States v. Pena*, No. 5:98-CR-265-FB-12 (W.D. Tex. 1998). Pena has since collaterally attacked his convictions and sentences on numerous occasions, without success. In this Court Pena has filed several § 2241 petitions, oftentimes presenting the same arguments and claims rejected in an earlier petition. *See Pena v. Ives*, No. 6: 11-CV-349-KSF (E. D. Ky. 2011), *aff'd*, No. 12-6264 (6th Cir. Sept. 23, 2013); *Pena v. Ives*, No. 6: 12-CV-

---

[1]     The Court previously ordered Pena to file his petition on a court-approved form. [R. 6] Pena technically complied, but in his new petition he made no effort to explain his claims except in wholly-conclusory terms. *See* [R. 7 at 3, 5] The Court therefore disregards his subsequent filing and refers to his original petition [R. 1] for the substance of his claims.

243-DCR (E. D. Ky. 2012), *aff'd*, No. 13-5742 (6th Cir. Dec. 30, 2013); *Pena v. Holland*, No. 6: 15-CV-128-KKC (E. D. Ky. 2015), *aff'd*, No. 15-5942 (6th Cir. May 24, 2016); *Pena v. Ormond*, No. 6: 18-CV-178-GFVT (E. D. Ky. 2018), *aff'd*, No. 18-5714 (6th Cir. Nov. 28, 2018); *Pena v. Ormond*, No. 6: 20-CV-12-DCR (E. D. Ky. 2020).

In a recent effort Pena contended that his Texas convictions for driving while intoxicated should not have resulted in the enhancement of his sentence as a career offender in light of *Descamps v. United States*, 570 U.S. 542 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016). In that petition Pena also argued that his prior DWI convictions were not valid predicate offenses under *Begay* because they "did not involve 'purposeful, violent, or aggressive conduct." *Pena v. Ormond*, No. 6: 18-CV-178-GFVT (E. D. Ky. 2018) [R. 1 therein]. This Court denied his petition, and the Sixth Circuit affirmed on direct appeal. [R. 10, 15 therein]

Pena repeats that argument in his current petition, again contending that his DWI convictions did not qualify as crimes of violence under *Begay*. [R. 1 at 2-3] But the Court having already once rejected that claim, it need not consider it anew:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Where, as here, the claims asserted have previously been determined by another court in a prior habeas petition, the district court may dismiss the petition as an abuse of the writ. *McClesky v. Zant*, 499 U.S. 467, 483-84 (1991); *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 765-66 (6th Cir. 2008); *Thunder v. U.S. Parole Comm'n*, 165 F. App'x 666, 668 (10th Cir. 2006). Where, as here, Pena could have and actually did assert his *Begay* claim in his 2018 petition and there has been no intervening change in the controlling law, the Court concludes that

the ends of justice would not be served by permitting the claim to be reasserted in a successive petition.  *See Rosales-Garcia v. Holland*, 322 F.3d 386, 398-99 (6th Cir. 2003) (*en banc*) (*citing Sanders v. United States*, 373 U.S. 1, 15-17 (1963)).

Pena has also filed a motion requesting that this Court resentence him pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the dangers posed by the COVID-19 pandemic.  [R. 17]  A motion seeking relief under that section must be filed in the Court that sentenced Pena; this Court lacks jurisdiction to entertain it.  The Court must therefore deny the motion without prejudice to Pena's right to re-file the motion in the proper forum.

Accordingly, it is **ORDERED** as follows:

1. Pena's petition for a writ of habeas corpus [R. 1, 7] is **DENIED**.

2. Pena's motion seeking relief under 18 U.S.C. § 3582(c)(1)(A)(i) and requesting the appointment of counsel [R. 17] is **DENIED WITHOUT PREJUDICE**.

3. This matter is **STRICKEN** from the docket.

This 14th day of September, 2020.



Signed By:
*William O. Bertelsman* WOB
United States District Judge